IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>*v.*<br><br>2018 TOYOTA HIGHLANDER LE, VEHICLE IDENTIFICATION NUMBER 5TDZZRFH5JS265266,<br><br>DEFENDANT. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, United States of America, by Theodore S. Hertzberg, United States Attorney, and Nicholas L. Evert, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action against one (1) 2018 Toyota Highlander LE, Vehicle Identification Number 5TDZZRFH5JS265266 (the "Defendant Vehicle") seized on or about June 8, 2026, at 3280 Bethesda Park Ct, Lawrenceville, Georgia, as part of a money laundering and drug trafficking investigation.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to

28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Vehicle pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. The Defendant Vehicle is presently being held by the United States Marshals Service.

## BASIS FOR FORFEITURE

### Relevant Statutes

6. The Defendant Vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) on the grounds that it was a vehicle used, or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. §§ 841 and 846.

7. The Defendant Vehicle is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that it was involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957 or is traceable to such property.

## FACTUAL BACKGROUND

8. On June 22, 2026, Junfang Dong was charged by criminal complaint for her role in a conspiracy to launder proceeds of trafficking in narcotics and counterfeit goods in violation of 18 U.S.C. § 1956(h).

9. DEA's investigation showed that, as part of the money laundering conspiracy, Dong used her 2018 Toyota Highlander LE with Vehicle Identification Number 5TDZZRFH5JS265266 (the Defendant Vehicle) to collect illicit cash proceeds.

10. For example, on or about April 2, 2026, law enforcement conducted surveillance near Junfang Dong's residence at 3280 Bethesda Park Court, Lawrenceville, Georgia.

11. At approximately 11:00am, investigators saw Dong exit the residence holding a satchel, enter the Subject Vehicle, and depart from the area.

12. During the course of approximately two to three hours, law enforcement followed Dong as she made four short-term stops at different parking lots and commercial buildings in the Atlanta, Georgia area.

13. The fourth stop was near 1919 Metropolitan Parkway SW, Atlanta, Georgia. There, the Subject Vehicle parked next to a different black Toyota Highlander.

14. Law enforcement observed Dong sitting in the passenger seat of the

second Toyota Highlander. An unidentified male sat in the driver's seat.

15. Dong remained inside the vehicle for a short period of time before exiting with a satchel, which appeared to be the same satchel as the one seen in her possession when departing from her residence earlier that day. Moments later, Dong entered the Subject Vehicle and departed the area.

16. DEA coordinated with the Gwinnett County Sherrif's Office to conduct a traffic stop of the Subject Vehicle.

17. Gwinnett County Sherrif's Office deputies conducted a traffic stop after observing the Subject Vehicle commit multiple traffic infractions.

18. At the time of the stop, Dong was the driver and sole occupant of the Subject Vehicle.

19. Law enforcement deployed a K-9 on the Subject Vehicle, which exhibited a positive alert for the odor of narcotics.

20. Law enforcement then searched the Subject Vehicle and discovered several bundles of bulk currency wrapped in rubber bands, totaling approximately $40,705.

21. On June 8, 2026, law enforcement executed a federal search warrant at Dong's residence—3280 Bethesda Park Court, Lawrenceville, Georgia.

22. Investigators discovered, among other items, a money counter, suspected money ledgers, a black plastic bag containing approximately $72,492.00

in bulk United States currency, 12 firearms, and millions of dollars of counterfeit goods.

23. During the execution of the search warrant, DEA seized the Subject Vehicle.

*Administrative Proceedings*

24. On or about July 17, 2026, DEA initiated administrative forfeiture proceedings.

25. On August 21, 2026, DEA received an administrative claim to the Defendant Vehicle from L. David Wolf, Esq., on behalf of Junfang Dong. Wolf's address on the administrative claim was 4101 Marietta Street NW, Suite 3325, Atlanta, GA 30303.

26. Dong's address on the administrative claim was 3280 Bethsda [*sic.*] Park Court, Lawrenceville, GA 30044.

27. The administrative claim asserts that Dong is "one of the titled owners of the" Defendant Vehicle.

28. After receiving the administrative claim, pursuant to 18 U.S.C. § 983(a)(3), DEA referred the matter to the U.S. Attorney's Office for the Northern District of Georgia for judicial forfeiture.

**FIRST CLAIM FOR FORFEITURE**
**21 U.S.C. § 881(a)(4)**

29. The United States re-alleges and incorporates by reference Paragraphs 1 through 28 of this Verified Complaint for Forfeiture as if fully set forth herein.

30. Based on the foregoing, the Defendant Vehicle is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4) on the grounds that it was a vehicle used, or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. §§ 841 and 846.

**SECOND CLAIM FOR FORFEITURE**
**18 U.S.C. § 981(a)(1)(A)**

31. The United States re-alleges and incorporates by reference Paragraphs 1 through 28 of this Verified Complaint for Forfeiture as if fully set forth herein.

32. Based on the foregoing, the Defendant Vehicle is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that it was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, and/or 1957 or is traceable to such property.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays:

(1) that the Court forfeit the Defendant Vehicle to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3) that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 19th day of November, 2026.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000 fax (404) 581-6181

/s/NICHOLAS L. EVERT
*Assistant United States Attorney*
Georgia Bar No. 693062
nicholas.evert@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>*v.*<br><br>2018 TOYOTA HIGHLANDER LE,<br>VEHICLE IDENTIFICATION NUMBER<br>5TDZZRFH5JS265266,<br><br>DEFENDANT. | Civil Action No. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Peter W. Maher, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 19th day of November, 2026.

*Peter W. Maher*

PETER W. MAHER
*Special Agent*
Drug Enforcement Administration